UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TONIA JEAN SLEIGHT,

      Plaintiff,

vs.                                          Case No. 11-13109

COMMISSIONER OF SOCIAL SECURITY,         HON. AVERN COHN

      Defendant.

_____/

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. 20)[1]

### I.  INTRODUCTION

      This is a social security case.  Plaintiff Tonia Sleight (Sleight) seeks $1,760.25 in attorney fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), as the prevailing party in her social security case.  Defendant Commissioner of Social Security (defendant) contests the reasonableness of Sleight's attorney fees.  Before the Court is Sleight's motion for attorney fees (Doc. 20).  For the reasons that follow, the motion will be granted in part and denied in part.

### II.  BACKGROUND

      Sleight applied for disability benefits on January 25, 2007, claiming she was disabled beginning December 29, 2006, and her application was denied.  Sleight asked for

---

[1] The Court has reviewed the pleadings, and finds oral argument will not aid in the resolution of this dispute.  <u>See</u> E.D. Mich. LR 7.1(f)(2).

a hearing by an administrative law judge (ALJ).  After performing the required five-step inquiry, the ALJ determined that Sleight had several impairments, but the medical evidence did not support the level of disability alleged, and the ALJ denied benefits.

Sleight exhausted all available administrative remedies and filed an action in this Court on July 19, 2011, pursuant to 42 U.S.C. § 405(g).  The matter was referred to a magistrate judge.  The magistrate judge issued a Report and Recommendation ("R & R"), recommending a remand pursuant to sentence four of 42 U.S.C. § 405(g) and denial of defendant's motion for summary judgment.  On June 4, 2012, the Court issued an order adopting the R & R and remanded the case for further administrative proceedings.

After the remand, Sleight filed a motion requesting reimbursement of attorney and legal assistant fees.  Sleight asks the Court to award $52.50 in legal assistant fees (0.7 hours x $75 per hour) and $1,707.75 in attorney fees (9.9 hours x $172.50 per hour).  Defendant says $172.50 per hour is not a reasonable attorney fee.  Defendant says Sleight's award should be reduced by $472.25, calculating attorney fees at $125 per hour.

### III. STANDARD OF REVIEW

The EAJA provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

2

## IV.  APPLICABLE LAW

In order to collect attorney fees under the EAJA, four requirements must be satisfied: (1) the claimant must prevail; (2) the government's position must not be substantially justified; (3) there must be no special circumstances that make an award unjust; and (4) the application must be filed within thirty days of final judgment.  Townsend v. Social Sec. Admin., 486 F.3d 127, 129-30 (6th Cir. 2007) (citing Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990)).  The parties do not dispute any of these requirements; rather, the parties dispute whether the fees claimed are reasonable.[2]

Attorney fees under the EAJA must be reasonable.  28 U.S.C. § 2412(d)(2)(A); Glass v. Sec'y of HHS, 882 F.2d 19, 21 (6th Cir. 1987).  The statute provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  When requesting an award for attorney fees in excess of $125 per hour, the claimant bears the burden of providing appropriate evidence to support the increase.  Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009) (citing Blum v. Stenson, 465 U.S. 886, 898 (1984)).  The Sixth Circuit has required claimants to "produce satisfactory evidence-in addition to the attorney's own affidavits- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Id. (citation and internal quotations omitted).  Relying solely

---

[2] The Court's June 4, 2012 judgment became final for EAJA purposes on August 4, 2012, when defendant could no longer appeal.  See Townsend v. Social Sec. Admin., 486 F.3d 127, 131 (6th Cir. 2007) (citing Fed. R. App. P. 4(a)).

on the Department of Labor's Consumer Price Index (CPI) is not enough to support an increase in fees.  Id.

## V. ANALYSIS

### A.

After a careful review of counsel's billing statement, the Court concludes that the number of hours, 10.6, is reasonable.  Counsel allowed a legal assistant to perform 0.7 hours of clerical work, which included drafting and filing the complaint.  The remaining 9.9 hours were spent reviewing defendant's answer to the complaint and the Court's scheduling order; filing a motion for summary judgment and response to defendant's motion for summary judgment, which required parsing through a transcript containing over eight-hundred pages; reviewing and answering the R & R; and reviewing the Court's judgment.

### B.

Finding counsel's billing of 10.6 hours to be reasonable, the Court next turns to the amount of the requested fee.  Defendant concedes that the rate of Sleight's legal assistant fees is reasonable.  The only issue before the Court is whether Sleight's $172.50 hourly attorney fee is reasonable.  To support the motion, Sleight provides data from a website that calculates the current CPI rate.  Defendant says Sleight has not provided adequate support under Bryant to justify an upward departure from $125 per hour for attorney fees.  Thus, defendant asks the Court to reduce the total fee to $1,290.

The Sixth Circuit in Bryant addressed the same issue presented here.  In Bryant, the court of appeals consolidated two lower-court cases.  In both cases, plaintiffs moved for attorney fees under the EAJA, asking for a fee in excess of $125 per hour, the statutorily permissible fee.  578 F.3d at 450. The court of appeals held that plaintiffs failed to meet

4

their burden of proof simply by relying on the CPI "and arguing that the rate of inflation supported an increase in fees." Id.

Here, Sleight does not meet her burden in establishing an entitlement to a fee in excess of $125 per hour. Sleight has not provided any evidence that shows "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. Further, Sleight's attorney fails to provide the Court with his own affidavit. Sleight bases her request for an increased attorney fee solely on the CPI, and the Bryant court has held such reliance insufficient to satisfy the burden of proof. Thus, the Court limits Sleight's attorney fee to $125 per hour (9.9 hours total). The Court also awards Sleight the uncontested $52.50 in legal assistant fees.

## C.

As a final matter, the Court addresses Sleight's attorney fee agreement. Sleight and her attorney have an agreement that assigns the EAJA fees collected to the attorney. Because EAJA fees are awarded to the claimant, and not the attorney, the Court will not direct defendant to make payment to Sleight's counsel. See Bryant, 578 F.3d at 447. Further, the award can be offset to satisfy any preexisting debt Sleight may owe the United States. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010). If Sleight does not owe a preexisting debt subject to offset, defendant shall comply with the award and direct payment to Sleight.

## VI. CONCLUSION

For the reasons above, Sleight's motion for attorney fees is GRANTED in part and DENIED in part. Sleight's award is limited to $1,237.50 in attorney fees ($125 per hour x

5

9.9 hours) and $52.50 in legal assistant fees ($75 per hour x 0.7 hours), for a total of

$1,290.

       SO ORDERED.

                                    S/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

Dated:  September 12, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record
on this date, September 12, 2012, by electronic and/or ordinary mail.

                                    S/Julie Owens
                                    Case Manager, (313) 234-5160